NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000748**
**27-FEB-2019**
**01:17 PM**

NO. CAAP-14-0000748

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHRISTOPHER· DEEDY, Defendant-Appellee,
and KARL BLANKE, ESQ., Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1647)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Reifurth and Chan, JJ.)

        This is an appeal by Appellant Karle Blanke, Esq.
(**Blanke**), one of the trial counsel for Defendant Christopher
Deedy (**Deedy**).  Blanke appeals from the "Order Granting in Part
and Denying in Part the State of Hawaiʻi's Motion for Sanctions
Against Defense Counsel and Revocation of Pro Hac Vice Status in
the State of Hawaiʻi" (**Sanction Order**) entered by the Circuit
Court of the First Circuit (**Circuit Court**).[1]  We conclude that we
lack appellate jurisdiction in this appeal because the Sanction
Order is not an independently appealable order under Hawaii

---

[1]  The Honorable Karen S.S. Ahn presided.

Revised Statutes (**HRS**) § 641-1 (2016)[2] or the collateral order exception.

On November 16, 2011, Deedy was indicted by a grand jury on the charges of Murder in the Second Degree and Carrying or Use of a Firearm in Commission of a Separate Felony stemming from an incident on November 5, 2011, which resulted in the death of Kollin Elderts (**Elderts**).

On January 24, 2013, Deedy's Motion to Associate Pro Hac Vice Counsel was granted and Blanke, a Virginia attorney, was admitted to serve *pro hac vice* in Hawai'i along with local counsel.

During closing arguments, Blanke stated that Elderts "resisted arrest" during a prior incident in which Elderts was arrested. Plaintiff-Appellee State of Hawai'i (**the State**) objected, moved to strike, and requested sanctions for Blanke's statement regarding Elderts. The Circuit Court sustained the objection, struck the argument, and directed the jury to disregard Blanke's statement.

On August 26, 2013, the jury returned deadlocked and the Circuit Court declared a mistrial.

On September 27, 2013, the State filed a Motion for Sanctions Against Defense Counsel and Revocation of Pro Hac Vice Status in the State of Hawai'i (**Motion for Sanctions**).

---

[2] HRS § 641-1 provides:

> **§641-1 Appeals as of right or interlocutory, civil matters.** (a) Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.
> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from any interlocutory judgment, order, or decree whenever the circuit court may think the same advisable for the speedy termination of litigation before it. The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.
> (c) An appeal shall be taken in the manner and within the time provided by the rules of court.

On January 6, 2014, the Circuit Court held a hearing on the State's Motion for Sanctions. The Circuit Court <u>orally</u> stated "I'm going to sanction [Blanke] for $250" but declined to revoke Blanke's *pro hoc vice* status.

On March 6, 2014, the Circuit Court filed the Sanction Order, which did not contain the monetary sanction the court had mentioned at the January 6, 2014 hearing. Instead, the Circuit Court entered findings of fact and conclusions of law, concluding with regard to Eldert's prior incident that Blanke had intentionally used the term "resisting arrest" and misrepresented relevant facts in closing argument, notwithstanding Blanke's knowledge of the court's prior decisions precluding the use of the term "resisting arrest" related to that incident.

Both Blanke and the State filed a motion for reconsideration of the Sanction Order. The Circuit Court denied both motions for reconsideration in an order issued on April 17, 2014.

Blanke filed a notice of appeal from the Sanction Order, citing HRS § 641-11 (2016)[3] as establishing this court's jurisdiction over the matter.

However, on June 16, 2014, Blanke filed a Statement of Jurisdiction, which states he "wishes to make clear in this Statement of Jurisdiction that this appeal is being brought pursuant to <u>H.R.S. Section 641-1 and not H.R.S. 641-11</u>." (Emphasis added).

On October 22, 2014, Blanke filed an Amended Opening Brief, again citing HRS § 641-1 as the source of this court's appellate jurisdiction to hear his case.

---

[3] HRS § 641-11 provides:

> §641-11 **From circuit courts.** Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment. All appeals shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

3

HRS § 641-1 creates the right to appeal from "civil matters[.]" Here, the Sanction Order was issued in a criminal case, after motions and a hearing before a circuit court judge in the same criminal case, for conduct that occurred in the criminal case. Therefore, Blanke's appeal is from the criminal case. See, e.g., State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (exercising the Supreme Court of Hawai'i's jurisdiction pursuant to HRS § 641-11 over an appeal of attorney sanctions in a criminal case as an appeal from the criminal case). We do not have appellate jurisdiction over Blanke's appeal pursuant to HRS § 641-1, the statute cited in his Jurisdictional Statement and Amended Opening Brief.

We also conclude that the collateral order exception does not apply for purposes of this appeal to establish appellate jurisdiction. The Supreme Court of Hawai'i first applied the collateral order exception to a criminal case as a rare, common law exception to the statutory final judgment rule against interlocutory appeals, adopting the rule directly from the Supreme Court of the United States:

> Under this exception, certain orders fall "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

State v. Baranco, 77 Hawai'i 351, 353, 884 P.2d 729, 731 (1994) (quoting Cohen v. Benneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). "Accordingly, 'an interlocutory order is appealable if it: (1) fully disposes of the question at issue; (2) resolves an issue completely collateral to the merits of the case; and (3) involves important rights which would be irreparably lost if review had to await a final judgment.'" State v. Kealaiki, 95 Hawai'i 309, 316-317, 22 P.3d 588, 595-596 (2001) (quoting Baranco, 77 Hawai'i at 353-54, 884 P.2d at 731-32).

4

In a subsequent criminal case, this court held that the circumstances in that case did not "fit within the narrow guidelines of the collateral order exception," and we "must construe the collateral order doctrine narrowly and be parsimonious in its application." State v. Johnson, 96 Hawai'i 462, 471, 32 P.3d 106, 115 (App. 2001) (citations omitted).

Indeed, in Johnson, this court held that "[g]enerally, the collateral order exception is applicable in criminal cases only upon a denial of pretrial motions to reduce bail, motions to dismiss based on double jeopardy grounds, and motions to dismiss under the Speech and Debate Clause." Id. at 470, n.12. 32 P.3d at 114, n.12 (citing Midland Asphalt Corp. v. U.S., 489 U.S. 794, 799 (1989) ("[w]e have interpreted the collateral order exception with the utmost strictness in criminal cases. Although we have had numerous opportunities . . . to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause" (citations and internal quotation marks omitted)); see also State v. Minn, 79 Hawai'i 461, 464, 903 P.3d 1282, 1285 (1995) (holding that because the defendant appealed from an order denying his pretrial motion to dismiss the complaint on double jeopardy grounds, the court had jurisdiction to entertain defendant's appeal); Baranco, 77 Hawai'i at 354-55, 884 P.2d at 732-33 (holding that the collateral order exception to the final judgment rule permits interlocutory appeal of an order denying a pretrial motion to dismiss indictment on double jeopardy grounds).

We note that at least one other jurisdiction has analyzed, using the Cohen test, whether the collateral order exception may apply to orders sanctioning criminal defense attorneys.

5

In <u>U.S. v. Dickstein</u>, the Tenth Circuit Court of Appeals held that a criminal defense attorney's appeal from a sanction order revoking his *pro hac vice* status foundered on the third part of the <u>Cohen</u> test, requiring that the order must be effectively unreviewable on appeal in order to be immediately appealable, because such an order was appealable upon entry of final judgment or acquittal. 971 F.2d 446, 448-52 (10th Cir. 1992). Dickstein, the criminal defense attorney, argued that his reputation had been irreparably harmed by the sanction order revoking his *pro hac vice* status in the criminal suit, and therefore the sanction order must be permitted immediate review. <u>Id.</u> at 451. The Tenth Circuit rejected this notion, holding that:

> [u]nder Dickstein's theory, any appeal of a claimed injury to reputation must be instantaneously and quickly reviewed, or else the damage becomes irreparable. Such cannot be the case. Dickstein will be able to challenge the propriety of the revocation of his *pro hac vice* status when final judgment has been entered in [his client's] case.

<u>Id.</u> The Tenth Circuit further held that Dickstein could still appeal even if his client was acquitted. <u>Id.</u> at 450 (citing <u>Dietrich Corp. v. King Resources Co.</u>, 596 F.2d 422, 424 (10th Cir.1979) (holding that a legal consultant could appeal the district court's fee determination, even though the consultant was neither a party nor an attorney of record, because the consultant "is an aggrieved party and his property interest can be protected only by recognizing this as one of those extraordinary cases where a nonparty may be allowed to appeal.").

We find the Tenth Circuit's reasoning for rejecting reputational damage as a basis for applying the collateral order exception persuasive. In the instant case, Blanke argues that:

> The non-monetary sanctions which Judge Ahn herself announced she was imposing surely have a very serious impact on Blanke's reputation and consequent ability to earn a living practicing law. Ultimately, all any attorney has is his or her skill, reputation and good name, but when one's reputation and good name are impugned by a judicial officer, skill alone is often never enough to rebuild what has been torn down.

6

Blanke does not cite to any other actual harm resulting from the Order. Therefore, like the court in <u>Dickstein</u>, we turn to whether the Sanction Order is appealable upon entry of a final judgment of conviction or acquittal.[4]

"As a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." <u>See</u> <u>Adam</u>, 97 Hawai'i at 482, 40 P.3d at 884 (citations omitted). In <u>Adam</u>, the attorney for a criminal defendant appealed from a sanction order imposed against him by the trial court, and a final judgment was subsequently entered after the defendant's trial. <u>Id.</u> at 481, 40 P.3d at 883. The Hawai'i Supreme Court held that it had appellate jurisdiction over the attorney's appeal pursuant to HRS § 641-11 and Rule 4(b) of the Hawai'i Rules of Appellate Procedure (**HRAP**).[5] <u>Id.</u> at 482, 40 P.3d at 884. Thus, a timely appeal from a final judgment, whether Deedy is convicted or acquitted, would bring up for review all preceding interlocutory orders in the case and we would have appellate jurisdiction under HRS § 641-11 and HRAP Rule 4(b).

Based on the foregoing, we lack jurisdiction over Blanke's appeal from the Sanction Order under the collateral order exception.

---

[4] As of the date of this order, the Hawai'i Supreme Court has held that the State is entitled to try Deedy a third time. <u>State v. Deedy</u>, 141 Hawai'i 208 (2017). However, the United States District Court for the District of Hawai'i (**District Court**) has held to the contrary, that Deedy may not be tried again. <u>Deedy v. Suzuki</u>, 326 F.Supp.3d 1022 (D. Haw. 2018). The District Court's decision is currently on appeal to the Ninth Circuit Court of Appeals.

[5] Under HRAP Rule 4(b), the attorney's earlier notice of appeal was deemed filed on the date the final judgment was entered. <u>Id.</u> at 482, 40 P.3d at 884.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 27, 2019.

Chief Judge

Associate Judge

Associate Judge